<hr />

### UNITED STATES v. PERKINS et al.

(Circuit Court, S. D. New York. November 11, 1902.)

#### No. 3,213.

1. CUSTOMS DUTIES—OFFER TO ENTER—EFFECT.

   Where goods were tendered for consumption entry before 4 o'clock on July 24, 1897, and on refusal of the tender a warehouse entry was made on the 26th, they were dutiable under the tariff act of 1894, and not the act of 1897 [U. S. Comp. St. 1901, p. 1626].

Appeal by the United States from a Decision of the Board of United States General Appraisers.

Henry C. Platt, Asst. U. S. Atty.

Albert Comstock, for importers.

TOWNSEND, District Judge. On July 24, 1897, before 4 o'clock in the afternoon, certain goods arrived on the steamship Latouraine, consigned to the appellees herein. They tendered a consumption entry of the goods before 4 o'clock p. m., but such tender was refused by the collector, and on the following Monday, July 26, 1897, they made a warehouse entry of the goods. The question raised is the same as that raised in the case of U. S. v. Legg, 45 C. C. A. 134, 105 Fed. 930, namely, whether the goods are dutiable under the tariff act of 1894 or of 1897 [U. S. Comp. St. 1901, p. 1626]. The only distinction between that case and the case at bar is that in the Legg Case the importer renewed his tender of the consumption entry on July 26th, while in this case, in order to avoid the payment of extra duty, the appellees made a warehouse entry of the goods on the 26th. In U. S. v. Legg it was held that whatever rights the importer had prior to 4 o'clock on July 24, 1897, vested at that time. It does not appear herein that the importers waived such rights by presentation of a warehouse entry and bond.

I think this case clearly falls within the reasoning in the Legg Case, and the decision of the board of appraisers is therefore affirmed.